IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Leonard Lincoln, | ) | C/A No.: 9:12-cv-03321-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Leonard Lincoln, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI) under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff filed his application for disability benefits with a protective filing date of February 12, 2010, alleging disability as of April 8, 2009, due to arthritis, gout, hypertension, and bronchitis. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on August 1, 2011. The ALJ thereafter denied plaintiff's claims in a decision issued August 25, 2011. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 45 years old on the alleged onset date. He completed the eleventh grade. His past work experience includes employment as an automobile mechanic and heavy equipment operator.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A

2

claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents his from performing some other available work.

The ALJ made the following findings in this case in his decision dated August 25, 2011:

3

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since April 8, 2009, the alleged onset date (20 C.F.R. § 1571, *et seq.* and 416.971 *et seq.*)

3. The claimant has the following severe impairments: gout; hypertension; heart disease; and asthma (20 C.F.R. § 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a).  Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8 hour day, and stand and walk occasionally.  The claimant cannot climb ladders, ropes or scaffolds.  He can only occasionally climb ramps and stairs, stoop, crouch, kneel and crawl.  The claimant can frequently reach overhead. He must avoid concentrated exposure to extreme cold, heat and humidity.  Additionally, he must avoid even moderate exposure to unprotected heights.

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565 and 416.965).

7.  The claimant was born on January 4, 1964 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 8, 2009, through the date of this decision (20 C.F.R. § 404.1520(g) and 416.920(g)).

(Tr. pp. 15-22).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge.  On November 18, 2013, Magistrate Judge Bristow Marchant  filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be reversed under sentence four of 42 U.S.C. § 405(g), and the case remanded to the Commissioner for further proceedings.  The defendant filed objections to the R&R on December 2, 2013.  The plaintiff filed a reply to Defendant's objections on December 9, 2013.

The magistrate judge recommends that the case be remanded to the Commissioner to weigh the opinions of the treating physician, Dr. Oladimeji, in accordance with the appropriate standards and to obtain proper Vocational Expert testimony in compliance with SSR 00-4p, and for such further administrative action as may be appropriate.

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the

Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### DEFENDANT'S OBJECTIONS

In his objections to the R&R, the Commissioner alleges that the ALJ's decision, when read as a whole, provides "sufficient articulation to discern the basis for his conclusion."  She also asserts that the restrictions in question lacked any support in the record, i.e., the plaintiff at no point alleged any limitation in sitting and no medical source other than Dr. Oladimeji opined that the claimant would have difficulties with concentration or attention due to his occasional chest pain.  She further asserts that the claimant failed to raise the issue of conflicts between the VE's testimony and the D.O.T. at the hearing and that the argument was accordingly waived.  She also contends that any error in this regard was harmless because one of the jobs the VE identified, that of assembler,  presented no conflict between the VE's testimony and the D.O.T.

Plaintiff replies that the ALJ failed to apply the required factors or set out reasons why he did not consider the treating physician's opinions regarding Plaintiff's limitations in sitting, concentration and pace, and limitation to low stress jobs.  Additionally, he asserts that the ALJ's recitation that he had complied with SSR 00-4p was erroneous when the transcript reflects that he did not do so.

### ANALYSIS

***Treating Physicians***. Under 20 C.F.R. § 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician.  However, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's

opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion.  20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

The Court agrees with the Magistrate Judge that the ALJ did not explain the reason that he accorded the opinion by the treating physician, Dr. Oladimeji, some weight but ignored his opinions regarding the length of time the claimant could sit at a time and the effect of his chest pain on his attention and concentration.  The Court will not attempt to weigh the evidence regarding either opinion, as this is the initial function of the ALJ, after he applies the regulatory factors required for treating physicians.  As noted by the Magistrate Judge, the ALJ also failed to include any limitation to low stress jobs in his hypothetical to the vocational expert, and when the plaintiff's attorney asked the VE to include the restrictions noted by Dr. Oladimeji, he testified that the plaintiff could not perform the jobs identified with those limitations.  On remand, the ALJ shall  re-weigh the opinions by Dr. Oladimeji and make appropriate findings. The ALJ should re-evaluate the plaintiff's RFC after further consideration of the treating physician's opinions and complete the sequential analysis.[1]

Also, because the case is being remanded for the above purpose, the ALJ should include restrictions found by the treating physician in his questions to the VE, unless those restrictions are properly discounted, and should comply with SSR 00-4p regarding any conflicts between evidence

---

[1] The ALJ decision mentions that the claimant received certain unemployment benefits.  It is unclear whether the onset date should be amended.

from the VE and the D.O.T.

## <u>CONCLUSION</u>

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court adopts the recommendation of the Magistrate Judge and remands the case to the Commissioner for further findings.  For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the Commissioner's decision is reversed under Sentence Four of 42 U.S.C. § 405(g) and remanded for further proceedings in accordance with this order.

**IT IS SO ORDERED**.

<u>s/R. Bryan Harwell            </u>
R. Bryan Harwell
United States District Judge

February 28, 2014
Florence, South Carolina

8